CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 04 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:04CR30018-008 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MARTHA ANN TURNER, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

On February 1, 2005, the defendant, Martha Ann Turner, entered a plea of guilty to conspiring to distribute 50 grams of more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. She was originally sentenced to a term of imprisonment of 292 months. On March 27, 2008, the court reduced the defendant's term of imprisonment to 262 months, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines.* Thereafter, the court granted a Rule 35 motion filed by the government and imposed a new term of imprisonment of 184 months.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that

---

* Amendment 706, which was made effective November 1, 2007, and retroactive effective March 3, 2008, "amended § 2D.1 of the Sentencing Guidelines by reducing the offense levels associated with crack cocaine quantities by two levels." United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009).

certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

The defendant has now filed a motion for reduction in sentence based on Amendment 750. Having considered the defendant's motion, the court is constrained to conclude that the motion must be denied.

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the sentencing guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

In the instant case, the defendant was held responsible for 1.5 kilograms of crack cocaine, which originally gave rise to a base offense level of 38 and a total offense level of 35 after adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The defendant was also designated as a career offender under U.S.S.G. § 4B1.1, which would have otherwise subjected her to a base offense level of 37 and a total offense level of 34. Since the defendant's base offense level under § 4B1.1 was less than that determined on the basis of the quantity of crack cocaine attributed to the defendant, the court was required to apply the higher base offense level of 38. See U.S.S.G. § 4B1.1(b). Thus, the defendant's career offender designation had no immediate effect on her sentence.

As a result of the 2008 amendments to the advisory guidelines, the quantity of crack cocaine attributed to the defendant gave rise to a base offense level of 36 and a total offense level

of 33 after adjustment for acceptance of responsibility. Because that base offense level was less than the career offender base offense level of 37, the defendant's amended guideline range was calculated on the basis of the career offender offense level. Since the amended guideline range was less than that determined at the time of the defendant's original sentencing hearing, the defendant was eligible for a reduction in sentence pursuant to § 3582(c)(2), and the court ultimately reduced the defendant's term of imprisonment from 292 months to 262 months.

Although the defendant was entitled to a sentence reduction following the 2008 amendments, her status as a career offender precludes her from benefitting from Amendment 750. The defendant is still subject to a base offense level of 37 under § 4B1.1, and Amendment 750 does not alter this provision. Therefore, the amended guidelines are of no consequence to the defendant, since the calculation of her base offense level and resulting custody range are driven by her designation as a career offender, rather than the quantity of crack cocaine for which she was held responsible. See U.S.S.G. § 1B1.10 app. n. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized . . . if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ."). For these reasons, the defendant's motion for reduction in sentence must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 4th day of October, 2011.

_____
Chief United States District Judge

3

Case 5:04-cr-30018-GEC Document 658 Filed 10/04/11 Page 3 of 3 Pageid#: 1612