CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2013

JULIA C. DUDLEY, CLERK
BY: /s/
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 5:04CR30018-008 |
| | ) (CASE NO. 5:13CV80638 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| MARTHA ANN TURNER, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Martha Ann Turner, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Turner is challenging the validity of her confinement pursuant to the judgment of this court entered May 16, 2005, whereby she was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. The court filed the § 2255 motion conditionally, notified Turner that it appeared to be untimely under § 2255(f), and granted her an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised Turner that failure to provide such information would result in dismissal of the action as untimely. Turner responded. Upon consideration of Turner's submissions and the record, the court concludes that her § 2255 motion must be summarily dismissed as untimely filed.[1]

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, her conviction becomes final when her opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows her an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, the court entered judgment against Turner on May 16, 2005. Her conviction became final on May 31, 2005, when her opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (former version). She then had one year–until May 31, 2006–in which to file a timely § 2255 motion. As Turner filed her § 2255 motion, at the earliest, on August 5, 2013, when her undated motion was postmarked, her motion is untimely under § 2255(f)(1). Turner also does not state facts on which her § 2255 motion could be deemed timely filed under the other subsections of § 2255(f). Thus, unless she demonstrates grounds for equitable tolling, her motion must be dismissed.

Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way" to prevent h[er] from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en

2

banc). At the most, Turner alleges that her trial attorney was ineffective at trial and sentencing and that she herself lacked legal training. She does not state facts showing how alleged problems during trial proceedings prevented her from pursing collateral relief through § 2255. Moreover, mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Thus, the court concludes that Turner fails to demonstrate any circumstance on which she is entitled to equitable tolling.

For the reasons stated, the court dismisses Turner's § 2255 motion as untimely filed under § 2255(f). An appropriate order will issue this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 11th day of September, 2013.

*/s/ Jan Conrad*
Chief United States District Judge