CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 09 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:04CR30018-08 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARTHA ANN TURNER, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Martha Ann Turner has moved for a reduction in her sentence based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Turner's motion must be denied.

### Background

On February 1, 2005, Turner entered a plea of guilty to conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. At the time of sentencing, Turner was held responsible for 1.5 kilograms of crack cocaine, which gave rise to a base offense level of 38 under the drug quantity table in U.S.S.G. § 2D1.1. Turner was also designated as a career offender under U.S.S.G. § 4B1.1, which would have otherwise subjected her to a base offense level of 37. Because Turner's base offense level under § 2D1.1 was higher than the applicable base offense level under § 4B1.1, the court applied § 2D1.1 in sentencing the defendant. Applying a three-level reduction for acceptance of responsibility, the court found Turner's total offense level to be 35. With a criminal history category of VI, the Guidelines range of imprisonment was 292 to 365 months. The court ultimately imposed a 292-month sentence.

In 2008, the court granted a sentence reduction pursuant to § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses under § 2D1.1 by two levels. Since the new base offense level under § 2D1.1 (36) was

lower than Turner's base offense level under § 4B1.1 (37), the court applied the § 4B1.1 offense level as the starting point for the new sentencing calculation. The result was a modified sentence of imprisonment of 262 months, the low end of the amended Guidelines range.

In 2010, the government moved to reduce Turner's sentence for substantial assistance, pursuant Federal Rule of Criminal Procedure 35(b). The court granted the motion and reduced Turner's term of imprisonment from 262 months to 184 months.

In 2011, Turner filed a pro se motion for reduction in sentence pursuant to § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in § 2D1.1 to conform to the Fair Sentencing Act of 2010. The court denied Turner's motion, holding that her career offender status precluded her from benefitting from the amendment. The court explained that Turner was still subject to a base offense level of 37 under U.S.S.G. § 4B1.1, and that Amendment 750 did not alter that provision.

Turner now moves for a reduction in sentence based on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels applicable to drug offenses under § 2D1.1 by two levels. The court issued a notice advising Turner that she may not be eligible for a reduction because of her designation as a career offender under § 4B1.1. The Office of the Federal Public Defender was appointed to represent Turner. An attorney in the office filed a brief in support of Turner's motion. The court held a hearing on the motion on March 24, 2016. The motion is now ripe for disposition.

## Discussion

Turner, through counsel, asserts two primary arguments to support her motion for reduction in sentence based on Amendment 782. First, Turner argues that she is entitled to a reduction because her original Guidelines range was calculated on the basis of the quantity of crack cocaine attributed to

2

her, rather than her designation as a career offender. Second, Turner argues that her "receipt of a substantial assistance motion means that the career offender guideline does not need to act as a floor in considering any reduction." Docket No. 764, Def.'s 2d Supp'l Resp at 3. For the following reasons, the court finds both arguments unpersuasive.

Under § 3582(c)(2), a district court may reduce the term of imprisonment of a defendant "who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, "[e]ligibility for consideration under . . . § 3582(c)(2) is triggered only by an amendment listed in [U.S.S.G. § 1B1.10(d)] that lowers the applicable guideline range." U.S.S.G. § 1B1.10, cmt. n. 1(A). In determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the court must first "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in [U.S.S.G. § 1B1.10(d)] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); Dillon v. United States, 560 U.S. 817, 827 (2010). "In making such determination, the court shall substitute only the amendments listed in [U.S.S.G. § 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

In this case, Turner was designated as a career offender at her original sentencing, but was sentenced under U.S.S.G. § 2D1.1 only because the drug quantity table provided a higher base offense level (38) than the career offender level under U.S.S.G. § 4B1.1 (37). See U.S.S.G. § 4B1.1(b) (providing that the offense level calculated under the career offender guidelines applies only if it is "greater than the offense level otherwise applicable"). If Amendment 782 had been in effect at

3

the time of the original sentencing, Turner would have been sentenced as a career offender, a designation which remains unchanged, because the base offense level of 37 under § 4B1.1 would have been higher than the amended base offense level of 32 provided in § 2D1.1(c)(4) (2015). Accordingly, in light of Turner's career offender status, Amendment 782 does not have the effect of lowering her applicable Guidelines range. That range is derived from § 4B1.1, which the amendment did not affect. The mere fact that Turner's original sentence was based on the drug quantity table in § 2D1.1, rather than the career offender range, is of no consequence. See United States v. Banks, 770 F.3d 346, 347 (5th Cir. 2014) (holding that a defendant originally sentenced under the drug quantity table in § 2D1.1, but resentenced in a § 3582 proceeding using the career offender provisions in § 4B1.1, cannot bring another § 3582 motion based on an amendment to the Sentencing Guidelines that further lowers the Guidelines range for crack cocaine in the § 2D1.1 drug quantity table); see also United States v. Counts, 500 F. App'x 220, 220 (4th Cir. 2012) (holding that a career offender, whose original sentence was based on the drug quantity table in § 2D1.1 because it resulted in a higher offense level than the § 4B1.1 provisions, received "the greatest possible reduction that he could have received," when the district court granted the defendant's § 3582(c)(2) motion and applied the career offender guidelines).

The court likewise concludes that the fact that Turner ultimately benefitted from a Rule 35 motion does not permit the court to ignore her career offender designation and reduce her sentence based on Amendment 782. In arguing to the contrary, Turner relies on the United States Court of Appeals for the Fourth Circuit's decision in United States v. Williams, 808 F.3d 253 (4th Cir. 2015). That case, however, did not involve the career offender provisions of the Sentencing Guidelines. Instead, the defendant in Williams was subject to an enhanced mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A), which was also the applicable Guidelines sentence.

4

Williams, 808 F.3d at 255. The district court granted a substantial assistance motion made by the government pursuant to 18 U.S.C. § 3553(e), and imposed a 180-month sentence. Id. at 255-56. In 2015, counsel for the defendant and the government agreed that the defendant was eligible for a sentence reduction based on Amendments 750 and 782, due to procedural changes introduced by Amendment 780. Id. at 256. The latter amendment, which had the effect of resolving a circuit split regarding defendants who had previously been sentenced below the statutory mandatory minimum based on substantial assistance, clarified that, in such cases, the amended guideline range shall be determined without regard to the mandatory minimum. Id. at 260 (citing U.S.S.G. § 1B1.10(c)). The Fourth Circuit agreed with the parties and vacated the district court's order denying the defendant's § 3582(c)(2) motion. Id. at 263. The Fourth Circuit emphasized that § 3582(c)(2) requires a district court to adhere to the Sentencing Commission's policy statement in § 1B1.10 when assessing a motion for reduction of sentence, and that the proper application of the policy statement demonstrated that the defendant was eligible for relief under the statute. Id. at 262-63.

Relying on Williams, Turner argues that the fact that she received a substantial assistance motion "means that her career offender guidelines no longer need to operate as a floor for any sentence reduction." Docket No. 764 at 3. The court agrees with the government, however, that this argument is without merit. A defendant is eligible for relief under § 3582(c)(2) only "if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In Williams, the Fourth Circuit made clear that its decision was based on the policy statement contained in the current version of § 1B1.10, which pertains solely to cases involving mandatory minimum sentences and substantial assistance. See Williams, 808 F.3d at 262-63 (applying U.S.S.G. § 1B1.10(c)). Consequently, Williams is inapplicable in the instant case, since Turner "was not sentenced based upon a statutorily required mandatory minimum sentence."

5

United States v. Jay, No. 3:11-375, 2016 U.S. Dist. LEXIS 57755, at *1 (D.S.C. May 2, 2016) (explaining that Williams did not apply in the case of a career offender who received a Rule 35 motion).

For all of these reasons, the court concludes that Turner is not eligible for a sentence reduction under § 3582(c)(2). Because Turner was sentenced as a career offender, the amendments to U.S.S.G. § 2D1.1 do not have the effect of lowering her applicable Guidelines range. Although Turner benefitted from a substantial assistance motion, the Sentencing Commission did not afford the same treatment to career offenders that it did to defendants who were subject to statutorily required minimum sentences. While this decision may seem unfair, the court is "not at liberty to disregard the Sentencing Commission's clearly expressed policy choices." United States v. Forrest, 402 F.3d 678, 689 (6th Cir. 2005). Unless and until the Sentencing Commission affords similar treatment to career offenders who provided substantial assistance to the government, or otherwise amends the Guidelines applicable to career offenders, the court will not have the authority to reduce Turner's sentence under § 3582(c)(2). See United States v. Ferguson, No. 15-12694, 2016 U.S. App. LEXIS 5999, at *3 (11th Cir. Apr. 1, 2016) (holding that a career offender who benefitted from a substantial assistance motion was not entitled to relief under Amendment 782); United States v. Ballew, 619 F. App'x 985, 986 (11th Cir. 2015) (rejecting a career offender's argument that the district court's downward variance based on his substantial assistance meant that he was eligible for a reduced sentence under Amendment 782). Accordingly, Turner's motion must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 9th day of May, 2016.

_____
Chief United States District Judge

6